OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID ZAVALA, | § | |
|   Petitioner, | § | |
| | § | |
|     v. | § | CIVIL NO. B-08-230 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|   Respondent. | § | |

## MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION

Before the Court is David Zavala's Habeas Corpus Petition filed pursuant to 28 U.S.C. § 2254. (Docket No. 1). The undersigned issued an initial report and recommendation on October 16, 2008, recommending denial of the relief Zavala requested. (Docket No. 12). United States District Judge Hilda G. Tagle requested clarification of some of the issues discussed in the preceding report and recommendation. This second report and recommendation clarifies those issues. The recommendation and overall analysis remain unchanged. The petitioner's application for writ of habeas corpus should be denied for reasons further explained below.

## BACKGROUND

Petitioner David Zavala (Zavala) was convicted of manslaughter and the unlawful possession of a firearm in the 357th Judicial District Court in Cameron County, Texas. On March 19, 2007, Zavala was sentenced to a twenty-year imprisonment for the manslaughter conviction, and a five-year imprisonment for the unlawful possession of a firearm conviction. Zavala was remanded to the custody of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) to concurrently serve both his sentences.

Zavala did not appeal either conviction, but he filed state habeas applications challenging separately each conviction on May 30, 2007. The Texas Court of Criminal Appeals adopted the findings of the trial court and denied both petitions without hearing or written order on October 3, 2007. On June 2, 2008, Zavala filed the instant action.

## ALLEGATIONS

Zavala alleges that: (1) the inclusion of the lesser-included offense of manslaughter in the jury instructions at his trial was constitutional error; (2) the unlawful variance between his indictment and the jury instructions rose to unconstitutional injury; and (3) the ineffective assistance of counsel violated his right to an attorney and prejudiced his defense.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Zavala's petition because he filed after the Act's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). A state prisoner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in a state court proceeding unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United states; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 2007).

2

**DISCUSSION**

*I. Zavala's petition is timely.*

The Court must determine whether it may properly consider claims brought pursuant to a § 2254 motion before addressing the specific allegations within. The statute of limitations for challenging a state conviction via a federal habeas petition begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

When a habeas petitioner has pursued relief via direct appeal through the state's highest court, the conviction becomes final ninety days after the highest court's judgment is entered, that is, upon the expiration of time for filling an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003). However, if no direct appeal is taken, the "conviction becomes final when the time for seeking further review in the state court expires." *Id.* at 694. The Texas Court of Criminal Appeals is the highest court for criminal matters under Texas law. *Seaton v. Procunier*, 750 F.2d 366, 368 (5th Cir. 1985).

On October 3, 2007, when the Texas Court of Criminal Appeals denied Zavala's writ application, the time for collateral review expired and ninety days later the above-mentioned one-year limitation period began. Zavala filed the instant petition on June 2, 2008, well before the one-year limitations period expired, and so, the petition was timely filed.

*II. While the petition was timely filed, the claims within it are procedurally barred.*

The exhaustion requirement in 28 U.S.C. § 2254(b)(1) codifies long-developed principles of comity. *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006). Before a federal court may find merit in alleged errors by state courts, a petitioner must have first provided the state's highest court

3

with a fair opportunity to apply controlling federal constitutional principles to the same factual allegations. *Id.* This requirement is "designed to give state courts the initial opportunity to pass upon and, if necessary, correct errors of federal law in a state prisoner's conviction or sentence." *Id.* The intent is not to create an additional hurdle to federal review, but that meritorious claims will first be vindicated within the state court system. Moreover, the exhaustion requirement is not jurisdictional. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

### *a. Zavala's legal and factual insufficiency claims are procedurally barred.*

Zavala's insufficiency claims were never raised until now. The exhaustion requirement "reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violation of its prisoners' federal rights." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (quoting *Picard v. Conner*, 404 U.S.270, 275 (1971)). Generally, a failure to satisfy the exhaustion requirement forecloses any claims from being brought in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). Zavala provides no reason to depart from the general rule.

### *b. Zavala's ineffective assistance of counsel claims are also procedurally barred.*

The basis of Zavala's claim of ineffective assistance of counsel varies depending on the petition being read. In the state habeas petition, Zavala appears to have argued: (1) that his attorney should have moved to amend the jury instructions to include an instruction for the lesser-included offense of negligent homicide; (2) that even if did so move, that such motion was not disposed of on the record, negating the opportunity to appeal that denial; and (3) that his attorney should have moved to have the jury assess punishment. Moreover, not one of the three arguments Zavala advanced in the state habeas petition is currently before the Court.

While ineffective assistance of counsel is a legal conclusion that may be reached by a myriad

of factual circumstances, those exact circumstances must be presented to the state's highest court to satisfy exhaustion requirements.  *White v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Zavala shifted the basis of his ineffective assistance of counsel claim from a perceived failure to move for the inclusion of negligent homicide to his attorney's failure to object to the inclusion of manslaughter.  The current claim was not adequately presented to a state court in conformity with the requirements of 28 U.S.C. 2254(b)(1)(A).

Petitioners like Zavala are generally required to present such claims to the Texas Court of Criminal Appeals, or risk having their claims barred in federal court.  *See* 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982); *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam).

Examples exist in which it would be appropriate for an appellate court to address the merits of a habeas corpus petition notwithstanding the lack of complete exhaustion.  *Granberry .v Greer*, 481 U.S. 129, 131 (1987).  Nevertheless such an argument, must be made to the Fifth Circuit Court of Appeals.  *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985).  Zavala presents no reason to depart from traditional state exhaustion requirements, and because Zavala did not present the failure-to-object claim to the Texas Court of Criminal Appeals, such a claim is now procedurally barred.

**III.    *Zavala's claims also fail on the merits.***

Zavala alleges that: (1) the inclusion of the lesser-included offense of manslaughter in the jury instructions at his trial was constitutional error; (2) the unlawful variance between his

indictment and the jury instructions gave rise to unconstitutional injury; and (3) the ineffective assistance of counsel violated his right to an attorney and prejudiced his defense.

### A. The inclusion of the lesser-included offense of manslaughter in the jury instructions.

Zavala was on trial for murder and does not dispute that manslaughter is a lesser-included offense of that crime pursuant to Texas law. *See Memo. in Support of § 2254 Pet. at 2*; *see also*, TEX. CODE. CRIM. PROC. ANN. art. 37.09 (Vernon 2006). Zavala instead argues that the trial court erred in submitting to the jury an instruction of manslaughter because no evidence existed that would permit a jury to rationally find that the defendant is guilty only of the lesser offense. *See Memo. in Support of § 2254 Pet. at 2*.

Under Texas law, the trial court rightfully instructed the jury if: (1) manslaughter is included within the proof necessary to establish the offense charged; and (2) there is some evidence in the record that would permit a jury to rationally find that the defendant is guilty only of the lesser crime. *See Royster v. State*, 622 S.W.2d 442, 446-47 (Tex. Crim. App. 1981); *Arevalo v. State,* 943 S.W.2d 887, 888 (Tex. Crim. App. 1997); *Schweinle v. State*, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996). Zavala challenges the satisfaction of the second part of the test. *See Memo. in Support of § 2254 Pet. at 2*.

The Court may only review questions of fact in the instant action if the state court decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(2). The burden is on Zavala to rebut the state court's determination with clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *see also*, *Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006)**.**

Zavala protests that there was a struggle between he and the victim, and that if anything he should have been convicted of negligent homicide and not manslaughter. *See Memo. in Support of § 2254 Pet. at 1*. The only disputed element is Zavala's mental state at the time of the homicide. The trial court found sufficient evidence to warrant an instruction for the lesser-included offense of manslaughter, but not for negligent homicide. *Ex Parte David Zavala*, Cause No. 06-CR-761-E, 06-1578-E (357th Dist. Ct., Cameron County, Tex. May 30, 2007). The Court of Criminal Appeals adopted that finding in *Ex Parte Zavala*, App. No. 68,444 (Tex. Crim. App. filed October 3, 2007)

While Zavala labors to persuade the Court that the death of his victim was negligent homicide and not manslaughter, such is not the purpose of § 2254 petitions. The only federal concern is ensuring that Zavala is not being detained in violation of federal law. Only if Zavala's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, may federal courts disturb the finality of a state judgment argued to that state's highest court. *See* 28 U.S.C. § 2254(d). Zavala's claim lies in a disagreement with the factual conclusions of the trier of fact, that is, that he did not act in a reckless manner, but such a disagreement is outside the scope of § 2254.

Moreover, Zavala not only argues that the inclusion of manslaughter was incorrect, but that the inclusion of negligent homicide would have been correct. However, the Fifth Circuit Court of Appeals has made it clear that a state trial court judge's failure to instruct on a lesser included offense is not a federal constitutional matter. *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980). A jury instruction omission is a non-cognizable § 2254 claim, *Easter*, 609 F.2d at 758, whereas, a

misstatement of law to the jury, that is, a wrongful instruction, must be have resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined b the Supreme Court of the United States. *Clark v. Quarternman*, 457 F.3d 441, 444 (5th Cir. 2006)*.* It is neither clear nor convincing that the circumstances of Zavala's crime negated a manslaughter instruction, and so, the inclusion of the manslaughter instruction in the charge to the jury is outside the scope of permissible review.

### **B. The variance between the indictment and the jury instructions given**.

Zavala next argues that the trial court's jury instructions were fundamentally defective because they allowed the jury to convict Zavala based on a theory not alleged in the indictment. The alleged variance between the indictment and the jury instructions does not raise a cognizable constitutional claim unless the indictment suggests the absence of jurisdiction of the convicting court. *See Lewis v. Procunier*, 746 F.2d 1073, 1075 (5th Cir. 1984); *see also*, *Murphy v. Beto*, 416 F.2d 98 (5th Cir. 1969). Zavala had notice of the specific charge against him, was heard on the issues raised by the charge, was convicted on the charge, and was not deprived of due process. *Lewis*, 746 U.S. at 1075; *see, e.g.*, *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948); *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977)*; Plunkett v. Estelle*, 70 F.2d 1004, 1007 (5th Cir. 1983); *Tyler v. Phelps*, 643 F.2d 1095, 1100 (5th Cir. 1981).

### **C. The ineffective assistance of counsel claim**.

Zavala lastly argues that his attorney permitted him to be convicted of manslaughter without the requisite level of culpability by failing to object to the jury instruction given. This claim is meritless. The constitutional standard for determining whether a criminal defendant has been denied

effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The *Strickland* standard also applies to allegations of defective appellate counsel as well.  *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995).  A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.  *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Additionally "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* In order to establish that he sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a petitioner must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy *both* prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United*

10

*States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).  It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.  *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

The record is unclear as to which party requested the inclusion of the lesser-included offense of manslaughter in the jury instructions.  Regardless of which party requested that instruction, Zavala's arguments arising from its inclusion are meritless.

Even assuming Zavala's counsel requested the inclusion, such conduct was not ineffective assistance of counsel.  To be sure, Zavala could have proceeded under an all-or-nothing trial strategy, but arguably, his attorney did not believe that to be sound trial strategy.  If Zavala would have been successful in keeping out the lesser-included offense of manslaughter, but nevertheless was eventually convicted of murder, his sentencing exposure would have been significantly higher than his current conviction warrants.

It is apparent that Zavala operates under the assumption that he would have been acquitted altogether had it not been for the inclusion of the lesser-included offense of manslaughter in the jury instructions.  However, at the time the decision was made it was reasonable to believe that Zavala may very well have been convicted of murder.  These types of strategic decisions are rightfully left to the discretion of the trial attorney.  *See Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008).  And the execution of that discretion is not reviewed with the benefit of hindsight, but rather the appropriate question is whether the decision to undertake the challenged course of conduct was professionally reasonable from the perspective of counsel at the time the challenged course was

undertaken. *See Martinez v. Quarterman*, 481 F.3d 249, 253 (5th Cir. 2007). Zavala's attorney's strategic choice to not object to, or even request its inclusion, was not professionally unreasonable attorney conduct.

Additionally, even if Zavala's attorney would have objected to the inclusion of the lesser-included offense of manslaughter, a lesser-included offense instruction may be submitted over the defendant's objections. *altogether v. Lynaugh*, 810 F.2d 518, 529 (5th Cir. 1987); *Willis v. State*, 761 S.W.2d 434, 436 (Tex.App.—Houston 1988, writ denied.). Thus, even assuming the absence of an objection to the manslaughter instruction, or the request for its inclusion was professionally unreasonable attorney conduct, Zavala can point to no prejudice stemming from either. This is especially true in Texas because the trial court may on its own motion include a lesser included offense. *Id.* Zavala's attorney could have clearly been overruled even if he had objected. Zavala establishes no professionally unreasonable attorney conduct, and even if his claims did substantiate professionally unreasonable conduct, they do not establish actual prejudice stemming from that conduct. Zavala's claims of ineffective assistance of counsel are also meritless.

## CERTIFICATE OF APPEAL ABILITY

Unless a circuit justice or judge issues a Certificate of APPEAL ABILITY (C.A.), a petitioner may not appeal to the Fifth Circuit from a habeas corpus petition. 28 U.S.C. § 2253(c)(1). A petitioner may receive a C.A. only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented

are adequate to deserve encouragement to proceed further. *Miller-El,* 537 U.S. at 327; *Slack v. McDonnell*, 529 U.S. 473, 484 (2000); *Moreno v. Dretke,* 450 F.3d 158, 163 (5th Cir. 2006).

Although Zavala has not yet filed a notice of appeal, the Court may *sea sponge* rule on a C.A. because the district court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. To further brief and argue the very issues on which the court has just ruled would be repetitious. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000).

After reviewing Zavala's habeas claims the Court is confident that no outstanding issue would be debatable among jurists of reason. In the context of a C.A., the Court finds that Zavala's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. Although Zavala's petition raises important issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, a C.A. should be denied. *Slack*, 529 U.S. at 484.

## RECOMMENDATION

A thorough review of all the files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that Zavala is not entitled to the relief sought. Accordingly, this Court RECOMMENDS that the relief sought in Zavala's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 4th day of February 2009.

_____
Felix Recio
United States Magistrate Judge.